**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| German Felipe Reyes-Reyes,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-14-00005-PHX-DGC<br><br>**ORDER** |

　　　Petitioner German Felipe Reyes-Reyes filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On May 20, 2014, United States Magistrate Judge Mark E. Aspey issued a report and recommendation ("R&R") recommending that the petition be denied. Doc. 13 at 9. The Court will accept the R&R.

**I.　　Background.**

　　　On January 13, 2012, two off-duty Phoenix police officers were providing security for an apartment complex at 1717 West Glendale Avenue in Phoenix, Arizona. Doc. 11 at 3. At about 8:00 p.m., the officers noticed a black Mercedes parked in one of the parking coves on the east side of the apartment complex. *Id*. A registration check on the Mercedes revealed that it was registered to Amy Marie Siegel. *Id*. The officers approached the vehicle on foot. *Id*. Petitioner, the sole occupant of the vehicle, was talking on a cell phone. *Id*. The officers began conversing with Petitioner. *Id*. After performing a warrant search on their mobile data terminal, the officers learned that there was an outstanding warrant for Petitioner's arrest, so they handcuffed him and placed him

under arrest. *Id.* Pursuant to the arrest, the officers searched Petitioner's person and discovered two baggies of methamphetamine in his pockets. *Id.* at 4. The officers also noticed a black handgun protruding from underneath the center console of the Mercedes. *Id.* The officers searched the car and found the loaded handgun. *Id.* The officers also found another baggie of methamphetamine inside the car. *Id.*

On February 6, 2012, Petitioner was charged with one count of possession or use of dangerous drugs and three counts of misconduct involving weapons. Doc. 11-1 at 7. On March 29, 2012, the State of Arizona filed allegations of aggravating circumstances and allegations of prior convictions, including an assertion that Petitioner committed the charged offenses while on felony release. *Id.* at 11, 15, 18.

Prior to his trial, Petitioner moved to suppress all evidence collected from the January 13, 2012 encounter with the two officers. Doc. 11-3 at 54. Petitioner claimed that he had been illegally seized by the officers. *Id.* at 58. The state trial court denied the motion to suppress, concluding that "[a] police officer does not need reasonable suspicion or cause to approach a person and ask questions" and that Petitioner "was free to leave or not talk to the officers." Doc. 11-1 at 99.

On July 12, 2012, a jury convicted Petitioner on two counts. Doc. 11-2 at 135. Petitioner was sentenced to concurrent terms of ten years on each count. Doc. 11-3 at 48.

Petitioner appealed, asserting that the trial court abused its discretion when it denied his motion to suppress. *Id.* at 87. On June 20, 2013, the Arizona Court of Appeals affirmed Petitioner's conviction. *Id.* at 138-41. Petitioner sought review by the Arizona Supreme Court, which denied review on December 4, 2013. *Id.* at 158.

On December 18, 2013, Petitioner initiated a state action for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. *Id.* at 163. Respondents assert that the state proceeding is still pending. Doc. 11 at 9. On January 2, 2014, Petitioner filed this Petition for Writ of Habeas Corpus. Doc. 1.

**II.  Legal Standard.**

The Court must undertake a *de novo* review of those portions of the R&R to which

specific objections are made. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). The Court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

"If the state has provided a state prisoner an opportunity for full and fair litigation of his Fourth Amendment claim, [a federal District Court] cannot grant federal habeas relief on the Fourth Amendment issue." *Moorman v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)). Whether the state court correctly decided the Fourth Amendment claim is irrelevant. *See Stone*, 428 U.S. at 494 ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided.").

*Stone* did not specify a test for determining whether a State has provided an opportunity for full and fair litigation of a claim. *Stone* did, however, cite *Townsend v. Sain*, 372 U.S. 293 (1963), in a footnote. *Stone*, 428 U.S. at 494 n.36. *Townsend* held that a federal court must grant a habeas petitioner an evidentiary hearing if (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. 372 U.S. at 313. In *Mack v. Cupp*, 564 F.2d 898 (9th Cir. 1977), the Ninth Circuit explained that although the *Townsend* test "must be given great weight in defining what constitutes full and fair consideration under *Stone*," it need not "always be applied literally . . . as the sole measure of fullness and fairness." 564 F.2d at 901. The Ninth

Circuit has also considered the extent to which the claims were briefed before and considered by the state trial and appellate courts. *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981).

Petitioner bears the burden of establishing that the state courts did not fully and fairly consider his Fourth Amendment claim. *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993).

**III.    Analysis.**

Petitioner objects to the R&R, asserting that the Arizona courts failed to afford a full and fair opportunity to litigate his Fourth Amendment claim. Doc. 14 at 1. Petitioner bases his assertion on three arguments: (1) a commissioner performed an unauthorized review of the evidence in his case, which yielded a defective response to Petitioner's motion for disclosure that tainted the evidentiary universe in which Petitioner's Fourth Amendment motion practice was conducted; (2) the trial court precluded any mention of the nature and quality of the arrest warrant in an evidentiary hearing and at trial; and (3) the Arizona Court of Appeals chose to simply affirm rather than review the trial court decisions. The Court will address each of these arguments below.

**A.    Commissioner's Review of the Evidence.**

Petitioner argues that a commissioner has "extremely circumscribed authority" under A.R.S. § 12-212 and Arizona Supreme Court Rule 96(a)(11) and that the rules "distinctly withhold[] power" from a commissioner to consider matters arising under Arizona Rules of Criminal Procedure 15, 16, and 35, which rules were "essential to the determination of present matters." Doc. 14 at 3. Petitioner is mistaken. Arizona Supreme Court Rule 96(a)(11) expressly permits commissioners, if approved by the presiding judge, to hear matters governed by Arizona Rules of Criminal Procedure 15, 16.2, and 16.3, which are the rules under which Petitioner's motion for disclosure arose. Petitioner does not argue that Commissioner Steven Lynch, the commissioner appointed in this case, was not approved by the presiding judge to hear such matters. In addition, it is not clear how Arizona Rule of Criminal Procedure 35, which governs the form,

- 4 -

content, and service of motions and requests, was violated by the commissioner's participation. The Court concludes that Petitioner's first argument is meritless.

### B. Trial Court's Evidentiary Rulings.

Because the warrant executed by the officers on January 13, 2012 was for a non-extraditable misdemeanor from Yuma County, Petitioner argues that the officers did not have probable cause to arrest him and that, without the arrest, the officers would not have discovered the contraband on his person or in the vehicle. Doc. 14 at 2, 4. Petitioner asserts that the he was denied a full and fair opportunity to litigate the Fourth Amendment issue because the trial court refused to hear evidence regarding the nature and quality of the arrest warrant, which would have demonstrated a clear Fourth Amendment violation. *Id*. at 2.

The transcript from Petitioner's July 9, 2012 suppression hearing demonstrates the trial court addressed Petitioner's evidence, or lack thereof, regarding the nature and quality of the arrest warrant. Doc. 11-1 at 24-30. At the suppression hearing, which took place two days before Petitioner's trial, the trial court permitted Petitioner to argue that the nature and quality of the arrest warrant invalidated the January 13, 2012 seizure. Petitioner, however, had previously failed to raise the issue in his written motion and he failed to present any statute or case law relevant to the issue at the hearing. Likewise, Petitioner's submissions in this proceeding fail to cite any controlling law suggesting that the officers wrongly executed the non-extraditable misdemeanor arrest warrant from Yuma County. Applying the *Townsend* factors, the Court concludes, that Petitioner was provided a full and fair opportunity to litigate his Fourth Amendment claim before the trial court.

### C. Appellate Review.

Petitioner argues that the Arizona Court of Appeals "in its lock-step effort to affirm the result of the inferior tribunal, necessarily had to deny reference to clearly, and long established U.S. Supreme Court precedence (sic)." Doc. 14 at 4. Specifically, Petitioner asserts that the Arizona Court of Appeals failed to adhere to the holding of

*Arizona v. Gant*, 556 U.S. 332 (2010), which circumscribed the ability of law enforcement officers to conduct warrantless vehicular searches incident to arrest after a vehicle's occupant(s) have been arrested and secured. 556 U.S. at 335.

This argument challenges the state court's application of the relevant law, not its factual determinations. As such, "the *Abell* factors are more useful than the test enunciated in *Townsend*." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1179 (9th Cir. 1990). Because the Fourth Amendment claim was briefed before the Arizona Court of Appeals, Petitioner was provided a full and fair opportunity to litigate his Fourth Amendment claim before the state appellate court. Doc. 11-3 at 84-101, 115-130. Interestingly, Petitioner did not rely on or otherwise cite *Gant* in his appeal, which explains why the state appellate court did not consider Fourth Amendment arguments founded on *Gant*. The Court concludes that Petitioner's third argument is meritless.

**IT IS ORDERED:**

1. The R&R (Doc. 13) is **accepted**.
2. The Clerk is directed to **terminate** this action.

Dated this 14th day of July, 2014.

*David G. Campbell*
United States District Judge